IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICKEY MASON, #R04326, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18−cv–02029−NJR |
| C/O FREEMAN, JOHN DOE 1, J. SNELL, SGT. FITZGERALD, SUSAN HILL, JOHN DOE 2, MAJOR MUELLER, and JACQUELINE LASHBROOK, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Mickey Mason, an inmate in the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that he was subjected to unconstitutional conditions of confinement in Menard's North 2 Segregated Cell House (3 Gallery) when the heat malfunctioned for two months in December 2017 and January 2018. (Doc. 1, pp. 1-14). He brings an Eighth Amendment claim against the defendants. *Id*. Plaintiff seeks declaratory judgment, monetary damages, and unspecified injunctive relief.[1] (Doc. 1, pp. 8-9).

---

[1] Plaintiff characterizes this action as a "Complaint for Money Damages and Injunctive Relief" but does not indicate what, if any, injunctive relief he seeks. (Doc. 1, pp. 1, 8-9). The Court interprets this request as one for relief at the close of the case. Warden Jacqueline Lashbrook shall remain named in this action in her official capacity for purposes of carrying out any injunctive relief that is ordered.

1

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the allegations in the Complaint, the heat malfunctioned in Menard's North 2 Cell House (3 Gallery) for six weeks in December 2017 and January 2018. (Doc. 1, pp. 1-14). As outside temperatures plummeted well below freezing, ice formed on the windows of the cell house. Officers wore jackets and hats while working inside the prison. Plaintiff describes the conditions as "unbearably cold." (Doc. 1, p. 7). He submitted numerous written and verbal complaints to the defendants. (Doc. 1, pp. 5-8). Plaintiff informed them that the conditions caused sleepless nights, a sore throat, a cold, and a fever. He requested additional bedding, appropriate clothing, or a cell transfer. The defendants responded with laughter, instructions to purchase blankets, and assurances that nothing could be done. Plaintiff's related grievances, including emergency grievances, were ignored or denied. *Id*.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

> **Count 1:** Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement in Menard's North 2 Cell House (3 Gallery) in December 2017 and January 2018.

2

**Count 2:** Fourteenth Amendment due process claim against Defendants for ignoring or denying Plaintiff's grievances addressing the unconstitutional conditions of his confinement in Menard's North 2 Cell House (3 Gallery) in December 2017 and January 2018.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### Count 1

The Eighth Amendment prohibits cruel and unusual punishment of prisoners. U.S. CONST. amend. VIII. Prison officials violate the Eighth Amendment when they demonstrate deliberate indifference to adverse conditions that deny prisoners "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Seventh Circuit has identified adequate shelter and heat as two of life's necessities. *Haywood v. Hathaway*, 842 F.3d 1026 (7th Cir. 2016); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir. 1997). The frigid conditions described in the Complaint are sufficiently serious to support an Eighth Amendment claim against Defendants, who all responded to Plaintiff's verbal and written complaints about the frigid conditions with deliberate inaction. *Olson v. Morgan*, 750 F.3d 708 (7th Cir. 2014) (Eighth Amendment can only be violated through deliberate action or inaction). Accordingly, Count 1 survives screening against the individual Defendants.

### Count 2

The alleged mishandling or Plaintiff's grievances supports no independent Fourteenth Amendment claim. Prison grievance procedures are not constitutionally mandated and do not

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

implicate the Due Process Clause per se. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Count 2 shall therefore be dismissed with prejudice for failure to state a claim.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 1 against the unknown individuals identified generically as "John Doe 1" (first shift gallery officer) and "John Doe 2" (lieutenant). *See Rodriguez*, 577 F.3d at 832 (prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants). However, John Doe 1 and John Doe 2 must be identified with particularity before service of the Complaint can be made on them. In this case, Warden Lashbrook is already named as a defendant in her official capacity (as well as her individual capacity), and the warden shall be responsible for responding to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of Defendants John Doe 1 and 2 are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening against all defendants in their individual capacities. The only official capacity claim to survive screening is **COUNT 1** against Defendant **JACQUELINE LASHBROOK**, who shall be responsible for carrying out any injunctive relief that is ordered and responding to discovery aimed at identifying the unknown defendants with particularity.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** with prejudice against the defendants for failure to state a clam upon which relief may be granted.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **FREEMAN, SNELL, FITZGERALD, HILL, MUELLER, LASHBROOK, JOHN DOE 1 (once identified),** and **JOHN DOE 2 (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendants John Doe 1 and 2 until Plaintiff has identified them by name in a motion for substitution of parties. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a plan for discovery aimed at identifying the

unknown defendants with particularity. Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 10, 2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

**Notice to Plaintiff**

**The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence at this time, unless otherwise directed by the Court.**