IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MICKEY MASON, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-CV-2029-NJR-RJD |
| TRENTON FREEMAN, JUSTIN SNELL, ZACHARY FITZGERALD, SUSAN HILL, JOSH MILEUR, JACQUELINE LASHBROOK, FRANK LAWRENCE, JOHN DOE 1, and JOHN DOE 2, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Preliminary Injunction filed by Plaintiff Mickey Mason (Doc. 23). For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff Mickey Mason is currently incarcerated at Menard Correctional Center. Mason alleges that the heat malfunctioned at Menard's North 2 Cell House (3 Gallery) for six weeks in December 2017 and January 2018 (Doc. 1, pp. 1-14). As outside temperatures plummeted well below freezing, ice formed on the windows of the cell house. Mason describes the conditions as "unbearably cold" (Doc. 1, p. 7). He submitted numerous written and verbal complaints to the defendants (Doc. 1, pp. 5-8). Mason informed them that the conditions caused sleepless nights, a sore throat, a cold, and a fever. He requested additional bedding, appropriate clothing, or a cell transfer. Defendants responded with laughter, instructions to purchase blankets, and assurances that nothing could be done. Mason alleges his related grievances, including emergency grievances, were ignored or denied (*Id.*).

Following a threshold review, Mason was permitted to proceed on the following claim: an Eighth Amendment claim against the defendants for subjecting Mason to unconstitutional conditions of confinement in Menard's North 2 Cell House (3 Gallery) in December 2017 and January 2018.

On April 5, 2019, Mason filed a Motion for Preliminary Injunction (Doc. 23). Mason seeks an order directing the defendants to transfer him to another facility out of the Southern District of Illinois due to constant threats, harassment, and retaliation by Menard (Illinois Department of Corrections) employees. He also requests that the Court direct someone not connected to the Illinois Department of Corrections to investigate these factual allegations. Specifically, Mason alleges that he has been abused, physically assaulted, threatened, harassed, and retaliated against by Menard officials since April 2016. He alleges that they are doing this because he has been writing grievances and filing complaints. On April 26, 2019, Defendants filed a response in opposition to the motion (Doc. 28).

On April 24, 2019, Mason filed a motion with the Court stating that Affidavits are missing as exhibits to the Motion for Preliminary Injunction that he filed (Doc. 27). On May 3, 2019, Judge Daly granted Mason leave to re-file any Affidavits regarding his motion. She set a deadline of May 17, 2019 (Doc. 33). Mason filed additional documents on May 20, 2019 (Doc. 38). Although those documents were not filed within the deadline, the Court has considered them.

## Legal Standard

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane,

FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating he (1) has a reasonable likelihood of success on the merits; (2) has no adequate remedy at law; and (3) will suffer irreparable harm absent an injunction. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Regarding irreparable harm, this requirement eliminates those cases where, although the ultimate relief sought is equitable, the plaintiff can wait until the end of trial to get that relief. *Id.* Only if the plaintiff will suffer irreparable harm in the interim—that is, before a final judgment—can he obtain a preliminary injunction. *Id.*

The Seventh Circuit has described injunctions like the one sought here, requiring an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. *Id.* (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)).

## ANALYSIS

Mason cannot get passed the first hurdle because the allegations in his motion do not pertain to the issues in this case. Mason currently proceeds on one claim for unconstitutional conditions of confinement that occurred in December 2017 and January 2018. Mason's claims of assault, harassment, threats, and retaliation are alleged to have begun in April 2016, and

these claims are not active in this case. Additionally, he mentions many individuals in his motion for preliminary injunction who are not named as defendants in this case.

A plaintiff "cannot seek injunctive relief on a claim that is not properly before the Court." *Rowell v. Voortman Cookies, Ltd.*, No. 02 C 0681, 2003 WL 22317373, at *4 (N.D. Ill. Oct. 8, 2013); *see also. Ortiz v. Kilquist*, No. 03-cv-11-DRH, 2006 WL 2583713, at *1 (S.D. Ill. Sept. 7, 2006) ("If Plaintiff believes he has suffered injury by this nonparty, he must file a separate suit against this nonparty, as he cannot merely bootstrap this request for injunctive relief to the instant case."). Accordingly, Mason's motion is denied.

The Court recognizes that Mason has filed a Motion for Leave to File Supplemental Complaint (Doc. 26), which is currently pending before Magistrate Judge Daly. In this motion for leave, Mason seeks to add retaliation claims. Defendants have filed a response in opposition to the motion. If Judge Daly ends up granting Mason leave to amend as to certain claims, Mason may re-file his motion for preliminary injunction at that time, if appropriate.

## Conclusion

For these reasons, the Motion for Preliminary Injunction filed by Plaintiff Mickey Mason (Doc. 23) is **DENIED** at this time.

**IT IS SO ORDERED.**

**DATED:   May 20, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**