IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICKEY MASON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRENTON FREEMAN, JOHN DOE 1, ) <br> JUSTIN SNELL, ZACHARY FITZGERALD, ) <br> SUSAN HILL, JOHN DOE 2, JOSH ) <br> MILEUR, JACQUELINE LASHBROOK, ) <br> FRANK LAWRENCE, ) <br> ) <br> Defendants. ) | Case No. 18-cv-2029-NJR-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Leave to File a Supplemental Complaint (Doc. 26) filed by Plaintiff. Defendants filed a Response (Doc. 35)

Plaintiff Mickey Mason is currently incarcerated at Menard Correctional Center. On October 29, 2018, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that the heat malfunctioned at Menard's North 2 Cell House (3 Gallery) for six weeks in December 2017 and January 2018 (Doc. 1). Following threshold review, Plaintiff was allowed to proceed on the following claim:

> **Count 1:** Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement in Menard's North 2 Cell House (3 Gallery) in December 2017 and January 2018.

Plaintiff's proposed supplemental complaint alleges DOC staff retaliated against him for filing grievances and lawsuits. Specifically, Plaintiff alleges he was wrongfully placed in segregation for nine days in November 2018 in retaliation for filing grievances and lawsuits.

Plaintiff names thirteen additional defendants.  Defendants object to the proposed supplemental complaint arguing the newly alleged actions are not related to the case at hand and the allegations share no common transaction or event.  Defendants argue more than nine months separate the alleged actions in the original complaint and the newly alleged actions in the supplemental complaint.

Plaintiff's claim of retaliation and the newly alleged events that occurred in November 2018, are separate and distinct from the claims of unconstitutional conditions of confinement regarding the temperature of the cells in December 2017 and January 2018.  These two claims should not proceed together in the same action.  In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multidefendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b)(g)); *Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (failing to sever mis-joined claims prejudices the United States Treasury); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).  Claims against different defendants, which do not arise from a single transaction or occurrence (or a series of related transactions/occurrences), and do not share a common question of law or fact, may not be joined in the same lawsuit.  *See* FED. R. CIV. P. 20(a)(2); *Owens*, 860 at 436.

Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 24, 2019**

                                                 s/ *Reona J. Daly*
                                                 **Hon. Reona J. Daly**
                                                 **United States Magistrate Judge**